IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 36094-6-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| AARON T. MACK, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, C.J. — A jury convicted Aaron Mack of unlawful possession of a controlled substance (heroin). On appeal, Mr. Mack argues his case should have been dismissed due to late disclosure of evidence. He also argues the trial court erroneously imposed legal financial obligations (LFOs) at sentencing. We affirm Mr. Mack's conviction and remand to strike the LFOs pursuant to recent changes in Washington law.

FACTS

When Washington State Patrol troopers arrested Aaron Mack, they seized "a balled up piece of plastic containing brown residue[,] . . . two pen tubes that were burnt and some pieces of tin foil." Clerk's Papers at 75. The troopers suspected the brown residue was

heroin, but Mr. Mack claimed it was THC[1] oil and that the pen tubes were used for smoking THC. At first, the State tested only the residue from the piece of plastic; this test confirmed the presence of heroin. Mr. Mack was charged with unlawful possession of heroin.

About 10 days before trial, the deputy prosecuting attorney who had been handling Mr. Mack's case left the office for new employment. A new prosecutor received the case. The new prosecutor reviewed the file and questioned why all items seized from Mr. Mack had not been tested. The crime lab informed the prosecutor this was not its policy. The prosecutor disagreed with this approach and directed the laboratory to test the remaining items. The report came back indicating one of the pen tubes seized from Mr. Mack was examined. It tested positive for heroin.[2]

The State disclosed the new test results immediately upon receipt, which was the day before trial. On the day of trial, after the jury was selected and sworn, Mr. Mack notified the court of the new test result and asked that the evidence be excluded. Mr. Mack argued the new evidence was prejudicial because it undercut his theory of unwitting possession. He claimed that had he received the pen tube result on an earlier date, he would have had a

---

[1] Tetrahydrocannabinol, the psychoactive constituent of marijuana.

[2] Although the prosecutor had asked the crime lab to test all items, the lab technician only tested one of the pen tubes, as well as a piece of foil.

stronger basis for requesting independent testing of the State's evidence.[3] He also may have had a new perspective on plea negotiations.

The trial court declined to exclude the newly disclosed test result. As a remedy for the late disclosure, the court decided to admit Mr. Mack's self-serving hearsay statement that he used the pen tubes to smoke THC. The State also agreed to stipulate that the untested pen tube could have been used for THC. As for the issue of plea negotiations, the court expressed a willingness to give the parties time to engage in negotiations. Neither side took the court up on this offer.

The case proceeded to trial and the jury convicted Mr. Mack as charged.

At sentencing, Mr. Mack's attorney reiterated his concerns regarding the late test result and the purported lost opportunity for plea negotiations. According to defense counsel, had the second test result been disclosed earlier, the parties likely would have engaged in early negotiations, resulting in an agreement for no jail time. The trial court expressed skepticism, noting the parties did not pursue the court's offer to take a recess from trial to allow for plea negotiations. The court went on to sentence Mr. Mack to four months' custody, and imposed a $200 criminal filing fee and $100 DNA[4] collection fee.

Shortly after sentencing, Mr. Mack moved for a new trial, again arguing he had been

---

[3] A previous motion for independent testing was denied.
[4] Deoxyribonucleic acid.

prejudiced by the State's late test result. The prejudice argument focused solely on Mr.

Mack's reduced ability to obtain a favorable plea agreement. The trial court again disagreed

with Mr. Mack's claim of prejudice. Nevertheless, the court ordered Mr. Mack's sentence

lowered from four months' incarceration to three.[5]

Mr. Mack appeals, arguing the trial court (1) abused its discretion by failing to

exclude evidence of the late test results, and (2) erroneously imposed $300 in LFOs.

ANALYSIS

*Late disclosure of discovery*

Under CrR 4.7(a)(1)(iv) a prosecutor is required to disclose expert reports to the

defense by the time of a pretrial omnibus hearing. The failure to abide by discovery

obligations set by CrR 4.7 can constitute prosecutorial misconduct, even in the absence of

intentional wrongdoing or bad faith. *State v. Salgado-Mendoza*, 189 Wn.2d 420, 429-31,

403 P.3d 45 (2017). The trial court has broad discretion to regulate discovery and rectify

violations. *State v. Hutchinson*, 135 Wn.2d 863, 882-83, 959 P.2d 1061 (1998). Exclusion

of evidence and dismissal of charges are possible remedies for discovery violations. *Id.*;

*Salgado-Mendoza*, 189 Wn.2d at 428. But lesser sanctions should be imposed if adequate

to address issues of prejudice. *Salgado-Mendoza*, 189 Wn.2d at 431.

---

[5] Mr. Mack's sentencing range was zero to six months.

As a preliminary matter, it is doubtful the late disclosure in this case constituted misconduct. The prosecutor was the opposite of dilatory and he never withheld anything from the defense. As a newly-assigned attorney, the prosecutor simply saw Mr. Mack's case in a different light than previous counsel. Particularly given Mr. Mack's claim that he consumed THC, not heroin, it was not unreasonable for the prosecutor to continue examining Mr. Mack's case. Had additional testing revealed the presence of THC, the defense case would have been bolstered and chances of acquittal increased.

In addition, regardless of misconduct, the trial court adequately exercised its discretion in handling Mr. Mack's discovery complaint. The new test results were limited to one item of evidence and did not eliminate Mr. Mack's theories of unwitting possession and THC consumption. Mr. Mack fails to demonstrate how the new test results would have strengthened his arguments for independent testing. And the slight prejudice to Mr. Mack's case from the new test information was sufficiently addressed by the court's evidentiary rulings. In addition, although the relevant prejudice inquiry goes to a defendant's right to a fair trial, not plea negotiations, the trial court further reduced any harm to Mr. Mack by reducing his sentence.

*LFOs*

As the parties agree, retroactive changes to Washington's LFO laws require striking Mr. Mack's $200 criminal filing fee on the basis of indigence and the $100 DNA

No. 36094-6-III
*State v. Mack*

collection fee on the basis of prior collection. RCW 10.01.160(3); RCW 36.18.020(2)(h); RCW 43.43.7541.

## CONCLUSION

Mr. Mack's conviction is affirmed. This matter is remanded with instructions to strike the $200 criminal filing fee and $100 DNA collection fee from the judgment and sentence.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____, C.J.
Pennell, C.J.

WE CONCUR:

_____
Korsmo, J.

_____
Lawrence-Berrey, J.

6